**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **TONY LAMAR VANN,** )  <br>   **Plaintiff,** ) <br> vs. ) <br>   ) <br> **COMMISSIONER OF INTERNAL,** ) <br> **REVENUE,** ) <br>   **Defendant.** ) | No. 3:09-CV-0305-N (BH) <br><br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Plaintiff filed this action against the Commissioner of Internal Revenue ("CIR") on February 17, 2009, pursuant to 42 U.S.C. §§ 1983 through 1985. (Compl. at 1.) He asserts that the CIR has violated his civil rights in a prior case in the United States Tax Court, Cause No. 18217-05, by unjustifiably withholding overpayments of taxes for the past four years and sending them to the State of Oklahoma for past-due child support payments. (*See id.* at 1-3, attached documents.) By this action, he seeks (1) a court order directing the Oklahoma Child Support Department of Human Services to dismiss, set aside, and return previously collected child support payments; (2) a court order directing the CIR to return the alleged wrongfully intercepted tax refunds; (3) compensatory damages of $1,000,000,000 (one billion dollars); and (4) disciplinary action against all judges in his prior tax action who misconstrued attached exhibits B and C. (*Id.* at 3-4.)

**II. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss an action if it determines that it lacks jurisdiction over the subject matter.

Although Plaintiff purports to pursue this action pursuant to 42 U.S.C. §§ 1983 through 1985, the focus of the action is clearly to restrain and review decisions of the CIR to send Plaintiff's tax refunds to the State of Oklahoma for past due child support. Section (c) of Title 26 of the United States Code mandates that the Internal Revenue Service ("IRS") reduce an amount of overpayment of taxes by the amount of past-due support owed by the tax payer and "remit the amount by which the overpayment is so reduced to the State collecting such support." Except in two circumstances not present here, 26 U.S.C. § 6402(g) divests the federal district courts from hearing claims "brought to restrain or review a reduction authorized by subsection (c)."[1] This jurisdictional bar prevents the

---

[1] Section 6402(g) provides in full:
    **Review of reductions**.--No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f). No such reduction shall be subject to review by the Secretary in an administrative proceeding. No action brought against the United States to recover the amount of any such reduction shall be considered to be a suit for refund of tax. This subsection does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid or any such action against the Commissioner of Social Security which is otherwise available with respect to recoveries of overpayments of benefits under section 204 of the Social Security Act.
Between December 31, 1999, and September 29, 2008, this provision was designated as subparagraph (f). Prior to December 31, 1999, it was designated as subparagraph (e). Neither amendment made any substantive change.

federal courts "from reviewing any claim under federal law" that a plaintiff "may have regarding the interception of [his or her] tax refund under § 6402(c) because the refund was not received by a federal agency." *Satorius v. U.S. Dep't Treasury*, 671 F. Supp. 592, 594 (E.D. Wis. 1987); *accord Richardson v. Baker*, 663 F. Supp. 651, 654 (S.D.N.Y. 1987) (applying the jurisdictional bar to constitutional claims).

Because Plaintiff seeks to restrain and review reductions of tax refunds and the transmittal of those funds to a state authority for allegedly past-due child support payments, § 6402(g) strips jurisdiction from this Court.

### III. RECOMMENDATION

The Court should **DISMISS** this action for lack of jurisdiction.

**SIGNED this 31st day of March, 2009.**

_____
**IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE**

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3